IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERICK JAVIER SANTOS-BEY, a/k/a *Erick Santos Bey, Erick Anthony Santos*, | * |
| Plaintiff, | * |
| v | *   Civil Action No. SAG-21-2937 |
| STATE OF MARYLAND, CHARLES COUNTY SHERIFFS, DETECTIVE ROBERT SMITH, No. 0568. STEVEN G. CHAPELLE, | * |
| Defendants | * |

***

## MEMORANDUM OPINION

Self-represented litigant Erick Javier Santos-Bey filed this "Legal Notice of Removal from Municipal Court to Federal Court" pursuant to 28 U.S.C. § 1441-1446 to remove case C-08-CR-21-287 (Cir. Ct. for Charles Cty.) to this court.[1] Santos-Bey is charged in the Circuit Court for Charles County with theft $25,000 to under $100,000, forgery, and issuing a false document.[2] Trial is set for January 5, 2022.[3]

The removal statute states in relevant part:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States ... a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

---

[1] Santos-Bey also seeks to remove D-042-cr-20-1915 from the District Court for Charles County, Maryland to this court. That case was closed after the warrant in that case was recalled and a criminal information was forwarded to the Circuit Court. *See* https://casesearch.courts.state.md.us (last visited December 3, 2021).

[2] This court has considered other actions involving Santos-Bey's state proceedings. *See e.g., Maryland v. Santos-Bey*, Criminal Action No.: GJH-18-333, 2021 WL 307419 (January 29, 2021) (state criminal proceedings removed to this court remanded); *Santos-Bey v. Maryland,* Civil Action No. PWG-21-2705 (D. Md. 2021) (petition for federal habeas relief denied).

[3] *See* https://casesearch.courts.state.md.us (last visited December 3, 2021).

28 U.S.C. § 1455(a).  When a pending state criminal prosecution is removed to a federal district court, the court "shall examine the notice [of removal, and,] ... [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).

Santos-Bey has not filed a short and plain statement of the grounds for removal or provided copies of all process and pleadings served on him in the state action. Rather, the filing lists case citations and constitutional amendments, in no apparent order, and without any coherent explanation for the basis of the removal.  The filing fails to intelligibly allege the existence of any grounds for removal.  *See generally* ECF No. 1.  Although district courts have a duty to construe the pleadings filed pro se liberally, Santos-Bey must allege facts that state a cause of action.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). Santos-Bey has not done so.

Here, Santos-Bey does not address the requirements for removal of a criminal action under 28 U.S.C. § 1455(a) at all.  *Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) (remanding state criminal action where the Defendant "ha[d] failed to comply with the pleading requirements or to show that he ha[d] been denied or cannot enforce a specified federal right in the state court respecting this prosecution."); *see also Maryland v. White*, No. JFM-09-3318, 2010 WL 325946, at 81 (D. Md. Jan. 20, 2010) ("Removal is not proper where there is no evidence that the criminal defendant will be unable to avail himself of the normal protections afforded to all criminal defendants.").

For these reasons, this action will be remanded to the Maryland Circuit Court for Charles County.  A separate Order will follow.


December 3, 2021                                    /s/
Date                                       Stephanie A. Gallagher
                                           United States District Judge